**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ANTHONY RANDOLPH,
Petitioner,

v. Case No. 3:25-cv-284 (OAW)

ANGEL QUIROS,
Respondent.

**ORDER OF DISMISSAL**

Petitioner Anthony Randolph, while a sentenced prisoner within a state facility, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his state conviction for a probation violation. Respondent moves to dismiss the petition on two grounds, arguing that the petition is untimely and that Petitioner did not exhaust his state court remedies before filing this action. For the reasons that follow, this case is **DISMISSED**.

## I. BACKGROUND

Petitioner was arrested on August 17, 2022, for Assault on an Officer (or other qualifying personnel), related to an incident from July 7, 2022,[1] when Petitioner alleges that a Judicial Marshal spat on him, *see* ECF No. 17 at 9. Petitioner was convicted of this assault and was sentenced to 42 months in prison on October 30, 2024.

During the pendency of that case, Petitioner had a Violation of Probation hearing on January 19, 2023, which related to a separate Assault on an Officer conviction from

[1] *See* Case Look-Up, Connecticut Judicial Branch, available at: https://www.jud.ct.gov/jud2.htm (last visited Aug. 20, 2026), Docket No. N23N-CR18-0187652-S.

November 20, 2020, when he received an underlying sentence of 10 years in prison, suspended after the service of 4 years, followed by 3 years of probation, due to an incident which occurred on August 17, 2018.[2] Petitioner appears to allege that he was unable to fully attend or participate in this violation of probation hearing by electronic means, due to a "glitch" in the video feed therefor. *See* ECF No. 17 at 11.[3] At the conclusion of the violation of probation hearing on January 19, 2023, Mr. Randolph was found in violation of his probation, his probation was revoked, and he was sentenced to 6 years in prison.

On March 31, 2023, Petitioner appealed the violation of probation, but the Connecticut Appellate Court affirmed the judgment on September 3, 2024. *State v. Randolph*, 227 Conn. App. 732 (2024). Petitioner sought additional appellate review on September 23, 2024, but on November 12, 2024, the Supreme Court of Connecticut denied his petition for certification to appeal. *State v. Randolph*, 350 Conn. 920 (2024).

## II. <u>DISCUSSION</u>

Petitioner alleges (1) that there was a conflict of interest with a marshal involved in

---

[2] *See* Case Look-Up, Connecticut Judicial Branch, available at: https://www.jud.ct.gov/jud2.htm (last visited Aug. 23, 2026), Docket No. N23N-CR18-187652-S.

[3] While the government has supplied a transcript of that Violation of Probation proceeding which suggests that Petitioner refused transportation to court for the hearing, had video contact with his lawyer before the hearing began, and initially refused to participate in the hearing (even remotely), *see* ECF No. 23-1, the court will rely on Petitioner's version of the alleged facts while considering the instant motion to dismiss. The transcript goes on to reflect that Mr. Randolph then decided to participate in the proceeding remotely, but with objection to the process in that he wished to have other counsel appointed. It also appears that there were technical difficulties during which the court sought to confirm that Petitioner could see and hear what was happening in court, and that during that intermission, according to representations from Department of Correction (DOC) officials, Mr. Randolph decided not to participate in the hearing, understanding that it would proceed in his absence. The court instructed DOC that Petitioner could rejoin the proceedings if he wished. Nevertheless, this court reiterates that for purposes of considering the motion to dismiss, the undersigned will accept as true the factual allegations presented by Petitioner.

his probation violation hearing; (2) that his due process rights were violated "due to implicit biases and institutionalized discriminations"; (3) that Attorney Coleman was "incompet[ent]" and the court refused to assign him a new attorney; and (4) that a delay in his probation hearing violated the Federal Rules of Criminal Procedure. Respondent moves to dismiss the petition, arguing that the petition is untimely and that Petitioner has not exhausted his state court remedies. The court addresses the arguments raised in Respondent's motion to dismiss in turn.

**A. <u>Timeliness</u>**

Respondent first argues that Petitioner filed his § 2254 petition after the expiration of the one-year statute of limitations and therefore that it should be dismissed. Respondent's argument relies on the date of the amended (*not* the original) petition. Three of the four claims raised in the amended complaint sufficiently relate back to the original complaint. As to the other claim, however, the court finds that it does not relate back and therefore that it is untimely.

Petitioners have one year from the date the state court judgment became final to file an application for writ of habeas corpus. *Smith v. McGinnis*, 208 F.3d 13, 15–16 (2d Cir. 2000) (discussing 28 U.S.C. § 2244(d)(1) and the one-year time limit created by AEDPA). A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a petition is amended outside the one-year limit, the amended petition will relate back so long as the original and amended petitions state claims that are tied to a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664–65 (2005). However, if an amended habeas petition

"asserts a new ground for relief supported by facts that differ in both time and type from those original pleading set forth," relation back is not appropriate. *Id.* at 648.

Petitioner appealed his conviction on March 31, 2023. The Connecticut Appellate Court affirmed it on September 3, 2024. *Randolph*, 227 Conn. App. at 755. Petitioner sought review from the Supreme Court of Connecticut on September 23, 2024. The petition for certification to appeal was denied on November 12, 2024. *Randolph*, 350 Conn. 950. Petitioner then had 90 days (until February 10, 2025) to file a petition for certiorari with the Supreme Court of the United States. He did not file such a petition. Accordingly, the one-year time limit started running on February 10, 2025.

Petitioner filed his original petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on February 26, 2025, ECF No. 1, which was well within the one-year time limit. In that petition, he raised four claims: (1) that there was a "conflict of interest" with a marshal who had accused the Petitioner of assault; (2) that his due process rights were violated "due to implicit biases and institutionalized discrimination[ ], and conflict with [marshals]" related to his attorney refusing to move to change venue after the conflict with the marshal; (3) that his attorney was "incompet[ent,] and the court refused to assign him a new attorney; and (4) that a delay of his probation hearing violated the Federal Rules of Criminal Procedure. *Id.* On the petition form, he checked that he only raised his third claim in his state appeals, and that his attorney "refused to raise these important and valid issues" in his subsequent appeals. *Id.*

On February 23, 2026, this court reviewed his petition and supporting evidence and found that Petitioner was challenging the imposition of a state sentence, and as such

the petition should be brought under § 2254. The court then provided Petitioner with the opportunity to amend his petition. ECF No. 16. Petitioner filed an amended petition on March 17, 2026, raising the following four claims: (1) that there was a conflict of interest with the marshal involved in his probation hearing because Petitioner was charged with "assaulting a worker at GA23" ("Claim 1"); (2) that his due process rights were violated "due to implicit biases and institutionalized discriminations" because the video feed during his sentencing glitched ("Claim 2"); (3) that Attorney Coleman was "incompet[ent]" and the court refused to assign him new counsel ("Claim 3"); and (4) that there was a delay in his probation hearing, which violated Federal Rules of Criminal Procedure 53 and 32(c) ("Claim 4"). He wrote that he did not exhaust any of these claims because his "attorney advised [him] not to do so." ECF No. 17.

The court finds that Claims 1, 3, and 4 raised in Petitioner's amended petition sufficiently related back to the claims raised in the original petition, as they are identical to original Claims 1, 3, and 4. *See Mayle*, 545 U.S. at 664–65. As for Claim 2 regarding the video glitch, the court finds that it does not sufficiently relate back to the claims raised in the original petition. Claim 2 in both petitions were related to alleged violations of his due process rights, which he attributed to "implicit biases and institutionalized discriminations," ECF Nos. 1, 17, but Petitioner's supporting facts concern different situations. Although they both involve claims related to his perceived fairness of his sentencing and the events that surrounded it, Claim 2 in his original petition liberally reads as an ineffective assistance of counsel claim, while Claim 2 in his amended petition alleges that his due process rights were violated because of a video glitch, without

mentioning his attorney or the marshal. Accordingly, Claim 2 is dismissed as untimely. *See Mayle*, 545 U.S. at 662 (noting that the one-year time limit would have "slim significance" if relation-back in the habeas context was read broadly).

**B. <u>Failure to Exhaust</u>**

Respondent next argues that, even if the amended petition was timely, Petitioner failed to exhaust his state remedies. Petitioner asserts in his amended petition that he did not exhaust any of these claims because his "attorney advised [him] not to do so." ECF No. 17. He does not otherwise explain why he did not exhaust his state remedies, either in his response to Respondent's motion to dismiss, ECF No. 26, or in his motion "for meaningful opportunity to be heard," ECF No. 25.

Before filing a petition for writ of habeas corpus in federal court, Petitioner must properly exhaust his state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). Petitioner must present the essential factual and legal bases for his federal claims to each appropriate state court, including to the highest state court capable of reviewing it, so as to afford the state court system a full and fair "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). Section 2254's exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly

deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam); 28 U.S.C. § 2254(b)(1)(B).

To properly exhaust his claim, the petitioner must present the factual and legal bases of the claim to the state courts. *See Daye v. Att'y Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) ("Specifically, [the petitioner] must have set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim.") (citations omitted); *see also Caballero v. Keane*, 42 F.3d 738, 740–41 (2d Cir. 1994) ("[T]o reach the merits of [an ineffective representation claim], all of [the] allegations must have been presented to the state courts, allowing them the opportunity to consider *all* the circumstances and cumulative effect of the claims as a whole.") (citation modified). Thus, for a claim that trial counsel was ineffective, the petitioner must have presented to the state's highest court each example of ineffective assistance that he asserts in the federal habeas petition. *See Caballero*, 42 F.3d at 740.

"A failure to exhaust may be excused if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Robles v. Faneuff*, No. 16-cv-1208 (JAM), 2016 WL 7441065, at *2 (D. Conn. 2016) (citation modified) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). However, "claims regarding an attorney's failure to include certain grounds for relief," or refusal to "pursue" certain claims, should be "raised in state courts," and is not a proper basis on which to excuse a petitioner's failure to exhaust. *Crocker v. Comm'r of Corr.*, No. 23-cv-1085 (JAM), 2024 WL 2000703, at *2 (D. Conn. Apr. 24, 2024).

Petitioner has not sought state relief on his claims here, and a search on the Connecticut Judicial Branch website reveals no state habeas cases filed by Petitioner. Petitioner asserts that did not exhaust any of these claims because his "attorney advised [him] not to do so," ECF No. 17, but that is not a basis on which to excuse Petitioner's failure to exhaust, *Crocker*, 2024 WL 2000703, at *2. Accordingly, Claims 1, 3, and 4 are dismissed for failure to exhaust state court remedies.

## IV. ORDERS

For the reasons stated above, the motion to dismiss **(ECF No. 22)** is **GRANTED**, and the petition for writ of habeas corpus **(ECF No. 17)** is **DISMISSED** as untimely as to his due process claim, and for failure to exhaust state court remedies as to the remaining claims. In light of that dismissal, Petitioner's motion **(ECF No. 25)** is **DENIED as moot.**

The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies on all grounds asserted in this petition. Thus, a certificate of appealability will not issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that when a district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's decision).

The Clerk is directed to please close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 24th day of August, 2026.

/s/
Omar A. Williams
United States District Judge